IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JONATHAN PAUL McELFRESH,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)　　TC-MD 190254G
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
DEPARTMENT OF REVENUE,　　　　　　)
State of Oregon,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　)　　**DECISION**

Plaintiff appealed Defendant's denial of his claimed Working Family Household and Dependent Care (WFHDC) credit for tax year 2018. At trial, Plaintiff appeared *pro se*. He and his mother, Jayne Scheckla, each testified. William Swanson, auditor, appeared on behalf of Defendant and testified. Defendant's Exhibits A to M were admitted without objection; Plaintiff did not offer any exhibits.

## I. STATEMENT OF FACTS

During all times relevant to this appeal, Plaintiff lived in his mother's house with his young daughter. His daughter began attending child care while he completed college, and his mother, Ms. Scheckla, made all payments to the child care provider. Ms. Scheckla continued paying the provider after Plaintiff graduated in 2017. A typed summary of receipts from the child care provider shows that Ms. Scheckla paid $7,326 for child care in 2018. (Ex G.)

Plaintiff started making payments to his mother after finding employment in 2017 and continued making payments to her throughout 2018. Ms. Scheckla testified that Plaintiff's payments partly satisfied monthly obligations for water, electricity, car insurance, cellular telephone service, and child care, but not rent. She testified that he also repaid her a loan for a down payment on a car. Ms. Scheckla testified that the remainder was satisfied through a "quid

pro quo" arrangement, whereby he would, for example, buy groceries for her. She testified she kept a monthly tally of his quid pro quo expenses against his obligations to her, and he paid whatever was left over each month—either by check, peer-to-peer payment software, or cash. Other than the monthly tallies, which were not retained, there were no written records of the quid pro quo arrangement.

The written evidence contains eight canceled checks and two printed records of peer-to-peer money transfers from Plaintiff to Ms. Scheckla. (Ex I.) The amounts of the payments so recorded total $7,922.10 in 2018 and vary widely. (*Id*.) Defendant does not dispute that those payments occurred, and they are confirmed by bank statements from both Plaintiff and Ms. Scheckla. (Exs J, K.) The payments occurred approximately monthly throughout the year, usually around month's end. On the memo line of each check was written "bills"; the peer-to-peer payment confirmations contained no useful description of their purpose.

During the pendency of this appeal, Plaintiff prepared and, in response to questions from Defendant's auditor, revised a spreadsheet allocating the documented payments to various bills. (Exs E, F.) His spreadsheets allocated fixed monthly amounts for water, car insurance, and electricity, and a large one-time "transfer for car down payment" in October—the latter charge being a repayment of a loan. (*Id*.) Plaintiff attributed whatever portion of his documented payments exceeded his reported bills each month "directly to child care." (Ex D at 3.) His original spreadsheet reported the October loan repayment at $1,500 and the October child care payment at $1,240, a singularly large amount. (Ex E.) In response to the auditor's inquiry, Plaintiff revised his spreadsheet to report a $2,500 loan repayment, leaving $240 allocated to child care. (Exs D, F.) In three months, no amount was attributed to child care; child care amounts for the other months varied from $221 to $843, totaling $3,690.10. (Ex F.)

Plaintiff claimed the WFHDC credit based on $7,326 in child care expenses, an amount equal to the total payments shown on the child care provider's typed summary of receipts. (Exs A at 2; G.) Defendant adjusted Plaintiff's return and disallowed the entire credit. (*Id.*) On appeal, Plaintiff asks the court to reverse that adjustment.

## II. ANALYSIS

At issue is whether Plaintiff qualified for the WFHDC credit and, if so, to what extent.

The WFHDC credit is a state tax credit equal to a means-tested percentage of the federal tax credit allowed by section 21 of the Internal Revenue Code (IRC); the credit is allowed for dependent child care expenses, among other things. ORS 316.078(1).[1] One requirement for claiming the credit is that the expenses be paid by the taxpayer claiming the credit. IRC § 21(a)(1). That requirement may be met where the care provider has been paid by a third party whom the taxpayer has reimbursed. *Gibson v. Dept. of Rev.*, TC–MD 060399C, 2007 WL 900764 (Or Tax M Div Mar 23, 2007) (allowing credit where taxpayer reimbursed mother's payments to provider).

Here, it is agreed that the child care provider was paid by Ms. Scheckla. Any payments from Plaintiff to his mother reimbursing her for child care expenses would therefore qualify him for the WFHDC credit. *See Gibson*, 2007 WL 900764. While Plaintiff made some payments to his mother, Defendant does not concede that any of those payments were for child care.

As the party seeking relief from the taxing authority's decision, Plaintiff must bear the burden of proving what portion, if any, of his payments to Ms. Scheckla were for child care rather than other bills. *See* ORS 305.427. To show that a payment is for child care, a taxpayer ordinarily must provide contemporaneous written evidence, such as canceled checks or receipts.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

*Shirley v. Dept. of Rev.*, TC–MD 130451D, 2014 WL 811543 at *3 (Or Tax M Div Mar 3, 2014) (stating properly completed contemporaneous receipts are "essential evidence" for taxpayers paying for child care with cash).

Here, although Plaintiff alleges he made additional payments via cash and the "quid pro quo" arrangement, he only retained records of his payments by check and peer-to-peer payment software. Without written records, he has not borne his burden of proof with respect to any additional payments. *See Shirley*, 2014 WL 811543.

Plaintiff argues the evidence shows he paid at least some of the child care expenses. The evidence consists of the spreadsheet prepared before trial, buttressed by the testimony of Plaintiff and his mother. In the spreadsheet, Plaintiff has concluded the portion of his proven payments attributable to child care by subtracting amounts credited to various monthly bills.

This case illustrates the difficulty of establishing the purpose of payments without contemporaneous evidence. Plaintiff has had many economic transactions with his mother; at a distance of a year or two, difficulty in recalling them all would not be unusual. In this case, Plaintiff's spreadsheet originally underreported a $2,500 loan repayment by $1,000. Likewise, Plaintiff's spreadsheet does not include his cellular telephone bill, the existence of which Ms. Scheckla testified to at trial. No evidence establishes the amount of that cellular telephone bill. Indeed, no evidence corroborates the amounts shown on the spreadsheet for any of the bills.

The errors on the spreadsheet show lapses in Plaintiff's memory of his payments to his mother. Given the lack of contemporaneous written evidence, Plaintiff's memory alone is not sufficient to carry his burden of proof. *See Shirley*, 2014 WL 811543.

/ / /

/ / /

### III. CONCLUSION

Plaintiff has not carried his burden of proof.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___day of July 2020.

POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Poul F. Lundgren and entered on July 15, 2020.***